**UNITED STATES of America**

v.

**Harold A. SMITH, Appellant.**

**No. 23007.**

United States Court of Appeals,
District of Columbia Circuit.

Argued April 13, 1970.

Decided June 29, 1970.

Mr. Frederick B. Abramson, Washington, D. C., with whom Mr. Julius M. Greisman, Washington, D. C. (both appointed by this court) was on the brief, for appellant.

Mr. Stephen M. Schuster, Jr., Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and Axel H. Kleiboemer, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, Senior Circuit Judge, McGOWAN and LEVENTHAL, Circuit Judges.

PER CURIAM:

Arrested and indicted in the District of Columbia in 1960 for several counts involving the commission of a robbery while armed, appellant, represented by counsel, withdrew his original plea of not guilty and pleaded guilty to all counts. He has since been serving the sentence imposed on this plea concurrently with a life sentence for first degree murder received by him in a North Carolina state court in 1961. In 1969 he filed a motion in the District Court under 28 U.S.C. § 2255, challenging the voluntariness of his guilty plea on the ground that a confession had earlier been improperly and involuntarily exacted from him.[1] The Government in its opposition relied upon the transcript of the proceedings when the plea was changed as showing that appellant had freely acknowledged (1) his guilt in describing the commission of the crime, and (2) his understanding of the nature and consequences of what he was doing, after full consultation with, and advice of, counsel, with whose assistance he professed to be completely satisfied. The District Court thereafter dismissed the motion without hearing on the ground that the files and records conclusively showed appellant as not entitled to relief; and this appeal is from that judgment.

It appearing upon oral argument before us that the case fell within the ambit of a grant of certiorari by the Supreme Court in United States ex rel. Ross v. McMann, 409 F.2d 1016 (2nd Cir. 1969), cert. granted, 396 U.S. 813, 90 S.Ct. 65, 24 L.Ed.2d 67 (1969), we directed the entry of an order holding this case in abeyance pending disposition by the Supreme Court of that matter. On May 4 last, that disposition was forthcoming. McMann v. Richardson et al, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d

---

1. Other grounds were asserted as supporting the collateral challenge, but our review of them establishes that they are either insubstantial or inappropriate. Counsel for appellant on this appeal properly centered their efforts on the matter of the confession.

763.[2] It held, in circumstances legally indistinguishable from this case, that an allegation of a coerced confession upon collateral attack of a guilty plea entered with the assistance of counsel does not warrant hearing before dismissal of such attack. That holding is dispositive of the appeal before us; we vacate the order holding this case in abeyance; and we affirm.

It is so ordered.

2. Four cases all told were the subject of the grant of certiorari, and were consolidated for hearing in the Supreme Court.

Prior to disposition the case of petitioner *Ross* was made moot by his death.